Krasniqi v. Lynch

BIA
Elstein, IJ
A099 697 074/075/076

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand fifteen.

PRESENT:
            RALPH K. WINTER,
            JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
                  *Circuit Judges.*
_____

PAL KRASNIQI, DILE KRASNIQI,
RAJMOND KRASNIQI,
            *Petitioners,*

            v.                                      14-2048
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*[1]
_____

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONERS:**          Marialaina L. Masi; Stacy A. Huber; Michael P. Diraimondo, Melville, New York.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Pal Krasniqi, Dile Krasniqi, and Rajmond Krasniqi, natives of the former Yugoslavia and citizens of Kosovo, seek review of a May 15, 2014, decision of the BIA affirming an April 28, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pal Krasniqi, Dile Krasniqi, Rajmond Krasniqi,* Nos. A099 697 074/075/076 (B.I.A. May 15, 2014), *aff'g* Nos. A099 697 074/075/076 (Immig. Ct. N.Y. City Apr. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Pal was not credible.

The agency reasonably relied on numerous inconsistencies in the record testimony. For example, Pal, his wife Dile, and their son Rikard testified inconsistently (in the instant proceeding and in Rikard's separate removal proceedings) regarding whether Rikard rescued Pal by car after Pal's alleged beating in February 2005 or whether Rikard was out of town at the time and knew nothing of the incident. Pal, Dile, and Rikard also testified

inconsistently regarding whether Pal went to the doctor's house for treatment or the doctor came to their house, and whether Rikard was present for that treatment. Furthermore, Pal testified that they were first threatened in 1999, Dile testified that they were first threatened in 2001 or 2002, and Rikard testified that they were first threatened in 2004. Dile testified that Pal and Rikard received most of these threats on their cell phones, while Rikard testified that Dile received all of the threats on their home phone and that he had never personally received a threatening phone call. The IJ was not compelled to credit their explanation that Pal's and Rikard's diagnoses of post-traumatic stress disorder explained their inconsistent testimony because, as she determined, the inconsistencies were too significant. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Pal's credibility, the agency reasonably relied further on Pal's failure to provide evidence corroborating his specific claims. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency and corroboration findings, the agency's

4

adverse credibility determination is supported by substantial evidence, and is dispositive of asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk